UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YAMAN LNU VI (A-Number: 226-128-664),

Petitioner,

v.

WARDEN, *et al.*,

Respondents.

Case No.  1:26-cv-2048-DJC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Yaman Lnu Vi entered the United States in 2024 and was re-detained by ICE in 2025.  Petitioner, proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his re-detention without a bond hearing violates the Fifth Amendment and the Immigration and Nationality Act.  Respondent counters that petitioner is subject to mandatory detention.  For the following reasons, I recommend that the petition be denied.

**Background**

In August 2024, petitioner entered the United States, was detained by immigration officials, and then was released on his own recognizance.  ECF No. 17 at 13.  Petitioner thereafter applied for special immigration juvenile status and asylum.  ECF No. 1 ¶ 17.  In 2024 and 2025, petitioner allegedly violated the terms of his release on three occasions by not being present for virtual home visits.  *See* ECF No. 17 at 9.

In August 2025, petitioner was arrested and charged with theft in violation of California Penal Code § 484.  *Id*.; ECF No. 1 ¶ 4.  That charge remains pending.  In December 2025, petitioner was re-detained by ICE.  ECF No. 17 at 9.  In January 2026, petitioner received a custody redetermination hearing, at which the immigration judge found that respondent was

1

subject to mandatory detention and that the immigration court has no jurisdiction to hold a bond hearing for petitioner.  ECF No. 1 at 20.

## Procedural History

On February 20, 2026, petitioner filed a petition for writ of habeas corpus in the Central District of California.  ECF No. 1.  On March 4, 2026, respondents filed a response, arguing that the court lacked jurisdiction because petitioner was not detained within the Central District of California.  ECF No. 6.  Accordingly, the case was transferred to this District, whereafter the court referred the matter to me.  *See* ECF Nos. 9 & 13.  On March 26, 2026, respondents filed an answer.  ECF No. 17.  Because petitioner has not filed a timely reply, the matter is deemed submitted.  *See* ECF No. 15.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner claims that his re-detention without a bond hearing violates the Fifth Amendment and the Immigration and Nationality Act ("INA").  ECF No. 1 ¶¶ 31-51.  Respondents counter that petitioner's detention is mandatory under 8 U.S.C. § 1226(c) such that it does not violate the Fifth Amendment or the INA.  ECF No. 17 at 4-5.

Under section 1226(c), the attorney general "shall take into custody" any noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing

2

acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."[1]  8 U.S.C. § 1226(c)(1)(E)(ii).  Petitioner, as noted, was arrested and charged with theft in violation of California Penal Code § 484.  ECF No. 17 at 9; ECF No. 1 ¶ 4.  Accordingly, petitioner is subject to mandatory detention under section 1226(c).  *See* 8 U.S.C. § 1226(c)(1)(E)(ii).

Petitioner's arguments to the contrary are unavailing.  Petitioner argues that "an alleged petty theft offense" does not establish that he has been "convicted of a qualifying offense triggering mandatory detention under § 1226(c)," and that "[a]n arrest alone does not establish that mandatory detention applies."  ECF No. 1 ¶¶ 35, 48.  Petitioner does not present any authority supporting his arguments.  On the contrary, the unambiguous text of section 1226(c) establishes that petitioner's arguments are misplaced.  First, section 1226(c)(1)(E) states that any noncitizen who "is charged with" or who "is arrested for" a qualifying offense is subject to mandatory detention.  *See* 8 U.S.C. § 1226(c)(1)(E)(ii).  Accordingly, petitioner need not be convicted of an offense to be subject to mandatory detention under this subsection.  Second, this subsection applies to "any" theft.  *See* 8 U.S.C. § 1226(c)(1)(E)(ii) (stating that the qualifying crimes are "any burglary, theft, . . .").  Accordingly, because petitioner was arrested and charged with theft under California Penal Code § 484, he is subject to mandatory detention.  *See Montalvan Reyes v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-0441-DC-JDP, 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (holding that the petitioner "cannot" argue that his arrest under California Penal Code § 484 "does not constitute an event subjecting him to the mandatory detention requirement of § 1226(c)(1)(E)(ii)"); *Lnu v. Chestnut*, No. 1:26-cv-0016-JLT-SAB, 2026 WL 395882, at *4 (E.D. Cal. Feb. 12, 2026) (holding that the petitioner's "arrest for violation of Cal. Pen. Code § 484(a) satisfies the requirements" of section 1226(c)(1)(E)(ii)), *report and recommendation adopted*, 2026 WL 623148 (E.D. Cal. Mar. 5, 2026).

---

[1] The statute also requires that the noncitizen be "inadmissible" under 8 U.S.C. §§ 1182(a)(6)(A), (6)(C), or (7).  8 U.S.C. § 1226(c)(1)(E)(i).  Because petitioner is "present in the United States without being admitted or paroled," he is "inadmissible" under § 1182(a)(6)(A). *See* 8 U.S.C. § 1182(a)(6)(A)(i).

3

Moreover, petitioner's mandatory detention under section 1226(c) does not violate his due process rights. In *Demore v. Kim*, the Supreme Court reviewed the Court of Appeals' finding that section 1226(c) violated the Fifth Amendment where the petitioner was a permanent resident who had been convicted of burglary and "petty theft." *Demore v. Kim*, 538 U.S. 510, 515 (2003). The Supreme Court reversed, holding that "[d]etention during removal proceedings is a constitutionally permissible part of that process."[2] *Id*. at 531. The Court reasoned that detention under section 1226(c) has "a definite termination point," i.e., removal, and that detention until removal "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id*. at 528-29. Accordingly, courts in this Circuit have declined to find that a petitioner has a due process right to a bond hearing under section 1226(c). *See Singh v. Albarran*, No. 1:26-cv-0822-DJC-CSK, 2026 WL 381557, at *2 (E.D. Cal. Feb. 11, 2026); *Oth v. Chestnut,* No. 1:25-cv-1367-KES-HBK, 2026 WL 323053, at *8 (E.D. Cal. Feb. 6, 2026); *Haryana-Sandhir v. Warden Golden State Annex*, No. 1:26-cv-0405-DJC-SCR, 2026 WL 221372, at *2 (E.D. Cal. Jan. 28, 2026).

Here, petitioner alleges that due process entitles him to a post-deprivation bond hearing. *See* ECF No. 1 ¶¶ 43-44. While petitioner has a protected liberty interest because he was previously released by immigration officers, that interest is no greater than that of the petitioner in *Demore* who, as noted, was a permanent resident and had been convicted of "petty theft." *See Demore*, 538 U.S. at 515. As such, the Court's holding seemingly applies to petitioner, too, such that petitioner's mandatory detention without a bond hearing does not violate the Fifth Amendment. Moreover, petitioner has been detained for fewer than five months. *See* ECF No. 17 at 9. His detention also has a "definite termination point" and serves a government interest in preventing noncitizens from fleeing or posing a danger to the community. *See Demore*, 538 U.S.

---

[2] While the Court held that section 1226(c) does not facially violate due process, as-applied challenges have not been foreclosed. *See Nielsen v. Preap*, 586 U.S. 392, 420 (2019) ("Our decision today on the meaning of that statutory provision does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it.").

4

at 528.  Accordingly, in line with other courts in this Circuit to have addressed the issue, I find that petitioner's detention under section 1226(c) satisfies due process.

## Conclusion

Based on the foregoing, I recommend that petitioner's writ of habeas corpus be denied.

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2.  The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  __April 29, 2026__                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5